IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAYNE FREEMAN, #320868 *
Plaintiff,
v. * CIVIL ACTION NO. RDB-05-235

CO II S. BANSWELL *
SGT. CZAPKIEWCZ
CPT. J. BRUMMITT *
ASST. WARDEN SHIRLEY WASHINGTON-
WORTHY *
Defendants.
***

**MEMORANDUM OPINION**

I. Background

In his original letter complaint received for filing on January 26, 2005, Plaintiff Wayne Freeman complained of an assault and harassment at the hands of correctional officers at the Eastern Correctional Institution ("ECI"). In his court-ordered supplemental 42 U.S.C. § 1983 Complaint for damages and miscellaneous relief, Plaintiff sets out the following allegations:

On October 9, 2004, he and another ECI inmate were fighting on the floor when he was hit with continuous bursts of pepper spray by Defendant Czapkiewcz, even after he had been handcuffed and lay on the floor. (Paper No. 3 at Attachment). As Plaintiff lay on the floor, Defendant Banswell kicked him in the back for no reason. (*Id.*). Plaintiff submitted a complaint to Commissioner Sizer regarding the application of pepper spray by correctional officers and discussed the harmful consequences to officers resulting from the use of such force. (*Id.*). Plaintiff was interviewed by Cpt. Brummitt regarding the contents of the complaint and on January 7, 2005, and states that he received an infraction for making a threatening statement in retaliation for his complaint. (*Id.*). He claims that he was subsequently found not guilty of the charge without a hearing. (Paper No. 3 at Attachment).

II. Dispositive Filings

Defendants Washington-Worthy, Brummitt, Czapkiewcz, and Bauswell filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which shall be treated as a summary judgment motion.[1] (Paper No. 15.) On September 15, 2005, Plaintiff's Traverse was received for filing. (Paper No. 19.) The case is ready for the Court's consideration. Oral hearing is not necessary. See Local Rule 105.6. (D. Md. 2004).

III. Eighth and First Amendment Standards

A claim of excessive force raised by a prison inmate against a correctional officer, such as that alleged in the case *sub judice,* involves analysis of both objective and subjective elements. *See Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998); *Williams v. Benjamin*, 77 F.3d 756, 760 (4th Cir. 1996). The core judicial inquiry when analyzing the subjective element is to review "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312 (1986)). The objective element is analyzed to determine whether the officers' actions were harmful enough to offend contemporary standards of decency. *See Hudson*, 503 U.S. at 8. Factors which are pertinent to this inquiry include the extent of injuries suffered by the inmate, the need for the application of force, the relationship between the need for force and the amount of force used, the threat reasonably perceived by prison staff, and any efforts on the part of staff to temper the severity of their response. *See Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321. While the prisoner's injury need not be significant to violate the Eighth Amendment, something more than a *de minimis* injury is required in order to prove that excessive force was used. *See Norman v. Taylor*,

---

[1] The Clerk shall amend the docket to reflect the correct spelling of the name of Defendant Bauswell.

25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (generally, no Eighth Amendment excessive force claim exists where any injury sustained by the plaintiff is *de minimis* and the force is not of a source "repugnant to the conscience of mankind.")[2]

Retaliation against an inmate for the exercise of a constitutional right states a claim under 42 U.S.C. § 1983. *See American Civ. Liberties Union v. Wicomico County*, 999 F. 2d 780, 784-86 (4th Cir. 1993). The inmate alleging retaliation "[b]ears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial motivating fact in the prison officials' decision...." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney*, 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).

IV. Analysis

The following facts are presented by Defendants. On October 9, 2004, ECI Officer Bauswell was escorting inmate Steven Stroble from his cell to the recreation room on B-Tier in Housing Unit 3. (Paper No. 15, Ex. 1 at Bauswell Decl.). Upon arrival at the recreation room, Plaintiff charged at inmate Stroble with swinging arms and clenched fists in an unprovoked attack and he and Stroble began to exchange blows. (Paper No. 15, Ex. 1 at Bauswell Decl.). Officer Bauswell secured the

---

[2] When determining whether injuries suffered by an inmate at the hands of prison officers are *de minimis*, a court should consider: (1) the context in which the injuries were sustained, *i.e.*, was there a disturbance which required the use of force; (2) did the inmate seek medical care; (3) were any injuries documented in the medical records generated shortly after the incident; and (4) are the documented injuries consistent with the prisoner's allegations of excessive force or are they more consistent with the application of the amount of force necessary under the circumstances of the particular incident. *See Taylor v. McDuffie*, 155 F.3d 479, 484 (4th Cir. 1998); *Stanley v. Hejirika*, 134 F.3d at 634; *Riley v. Dorton*, 115 F.3d 1159, 1168 (4th Cir.); and *Norman*, 25 F.3d at 1264.

area, called for assistance, and twice ordered both inmates to stop fighting. (*Id*.). Both Plaintiff and Stroble continued to assault each other. (*Id*.).

Sgt. Czapkiewcz arrived on the scene and, with Officer Bauswell, attempted to control the fighting inmates. (*Id*.). Plaintiff and Stroble continued to fight, with Plaintiff positioned on top of Stroble. (*Id*.). In an effort to control the situation before the inmates or any staff were hurt, Sgt. Czapkiewcz gave Plaintiff one burst of pepper spray to his face. (*Id*.). After getting sprayed, Plaintiff stopped fighting, but Stroble continued to throw punches. (*Id*.). Officer Bauswell gave Stroble a burst of pepper spray to the face. (*Id*.). Both inmates resisted efforts to be restrained but were eventually handcuffed. (*Id*.). Officer Bauswell affirms that he did not kick Plaintiff in the back nor did he observe any ECI staff kick Plaintiff. (*Id*.).

According to Defendants, Plaintiff was immediately escorted to the medical department to be checked out. (*Id*.). Plaintiff's face was extremely red and his eyes were burning. His face and eyes were flushed with "copious units" of water. (*Id*., Ex. 2). Plaintiff also had a scratch to the left side of his neck and to his left arm. (*Id*.). These wounds were cleaned and Plaintiff was given Band-Aids. (*Id*.). Plaintiff made no further medical complaints regarding the incident. (*Id*., Exs. 2 & 7).

Defendants state that on November 4, 2004, Plaintiff filed a request for administrative remedy regarding the incident. (*Id*., Ex. 3). In this request Plaintiff made the following statement:

> "I'm very afraid of what might happen if an officer for what ever reason decides to use pepper spray on anyone including myself, the person stands a good chance of losing his or her life."

(Paper No. 15, Ex. 3).

The remedy was dismissed as untimely. (*Id*.). Plaintiff's statement was, however, further investigated by Cpt. Brummitt. (*Id*., Ex. 4 at Brummitt Decl.) On January 7, 2005, Brummitt

interviewed Plaintiff and questioned him about the aforementioned statement. (*Id*.). Plaintiff replied "I meant if officers spray inmates for 4 or 5 or 7 seconds with mace then officers might lose their life." (*Id*.). Cpt. Brummitt perceived these statements as threats against correctional staff; he wrote Plaintiff an infraction and placed him on segregation. (*Id*., Ex. 4 at Brummitt Decl.; Ex. 5). Plaintiff was later found not guilty of this infraction. (*Id*., Ex. 6).

In his Traverse, Plaintiff again claims that the pepper spray was applied to cause him needless pain and maintains that he was kicked in the back while he was lying on the floor.[3] (Paper No. 19). He claims that on the day of the incident Stroble threatened him with a knife. (*Id*.). He asserts that out of fear that Stroble was going to attack him, he had no choice but to "defend himself against the constant threats and very real possibility of being stabbed." (*Id*.). Plaintiff claims that he only used his hands in exchanged blows with Stroble. (*Id*.).

Plaintiff alleges that Officer Bauswell made no attempt to bring the situation under control. (*Id*.). He asserts that Capt. Czapkiewcz made no verbal orders to stop fighting and instead "charged" directly towards Plaintiff and sprayed a 4-to 7- second stream of pepper spray directly into his eye area. (*Id*.). Plaintiff clams that he dropped to the recreation hall floor, stopped fighting, and that while lying on the floor Bauswell kicked him in the back. He maintains that: (i) the incident could have been controlled without the use of a chemical agent; and (ii) he has continued to suffer from

---

[3] Plaintiff raises an eleventh hour failure-to-protect claim against the Defendants in his Traverse. (Paper No. 19). For the first time he claims that for the three-month period prior to the October 9, 2005 incident he was harassed and verbally threatened daily by Stroble. (*Id*.). He alleges that he wrote his case manager asking to be moved and informed two unidentified tier officers that he "was having a hard time with a nut case on the tier." (*Id*.). Plaintiff also claims that he wrote to Defendant Worthy-Washington requesting a transfer and repeatedly requested assistance from ECI personnel up to and on the day of the incident. (*Id*.)

Plaintiff's original and court-ordered supplemental complaint, filed in January and February of 2005, solely concerned excessive force and retaliation claims. He plainly had knowledge of any failure-to-protect claim at that time. Defendants have filed their responsive pleading. At this late date Plaintiff shall not be granted leave to amend to include the failure-to-protect claim.

blurred vision and tenderness to the eye since the incident. (*Id*.). Finally, Plaintiff claims that he was retaliated against for filing his administrative complaint regarding the October, 2004 incident when he was placed on administrative segregation for allegedly threatening staff. (*Id*.).

Defendants assert that the Complaint is subject to dismissal for the failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Plaintiff's prisoner complaint falls under the exhaustion prerequisites of § 1997e(a), and his claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement, or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd*, 2004 WL 1205695 (4th Cir. June 2, 2004) (per curiam).

The record shows that Plaintiff's remedy regarding the October, 2004 incident was dismissed as untimely at the institution level. (Paper No. 15, Ex. 3). There is no record that he sought further review. Therefore, the Complaint is subject to dismissal under 42 U.S.C. § 1997(e). Alternatively, the Court finds that Plaintiff has failed to establish an Eighth or First Amendment violation and shall grant Defendants' summary judgment motion.

There is no dispute that Plaintiff initiated an attack on Stroble. Likewise, there is no dispute that both inmates engaged in a fist fight, with Plaintiff at one point sitting on top of Stroble. ECI Officers applied separate bursts of pepper spray towards both Plaintiff and Stroble in an attempt to

quell the disturbance. Plaintiff acknowledges that Capt. Czapkiewcz's application of pepper spray lasted for several seconds. Plainly, the correctional officers use of the pepper spray was reasonable under the circumstances. Defendants' evidence shows that the force used during the incident was minimal and used to stop the altercation.

Further, after the incident was resolved Plaintiff was immediately taken to see medical personnel. He suffered from burning eyes and scratches to his neck and arm. Plaintiff's scratches were cleaned and his eyes and face were flushed with water. There is no objective evidence supporting Plaintiff's claim that he was kicked in the back. Further, while Plaintiff claims that he continues to have eye problems, he has failed to rebut Defendants' verified materials which show that Plaintiff made no further medical complaints related to the incident. Plaintiff's injuries are totally characteristic of what a person would experience if he was engaged in a fight and then exposed to a burst of pepper spray. There are no medical records which show that Plaintiff's physical injuries required any follow-up medical care. Plaintiff has been challenged to come forward with documents, declarations, or affidavits, which directly refute Defendants' materials as to the reasons for the application of force, the degree of force used, and the extent of his injuries. He has failed to do so. The injuries sustained were *de minimis* in nature and are not indicative of the use of excessive force.

With regard to Plaintiff's claim of retaliation, the Court finds that Plaintiff has failed to meet his burden of demonstrating that actions taken against him (assignment to administrative segregation and the filing of an infraction) were in reprisal for constitutionally protected acts. The action was taken not because Plaintiff complained about the alleged excessive use of pepper spray on October 9, 2004, but because he made specific statements regarding future "loss of life" of correctional officers if they used chemical agent against inmates. That Plaintiff was found not guilty of the

infraction does not repudiate Cpt. Brummitt's reasonable objective belief that the statements were threatening in nature and that the issuance of an infraction was warranted.

V. Conclusion

For the aforementioned reasons, Defendants' Motion for Summary Judgment shall be granted and judgment shall be entered in favor of Defendants and against Plaintiff. A separate Order follows.

Date: October 20, 2005

/s/

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE